# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:16-cr-00215-TWP-DML-4 |
| AUSTIN COAKLEY, | ) ) | |
| Defendant. | ) ) | |

## ENTRY DENYING MOTION TO REDUCE SENTENCE

This matter is before the Court on Defendant Austin Coakley's *pro se* motion to reduce sentence (Dkt. 189) and the Government's Response thereto (Dkt. 197). For the reasons stated below, the Motion must be **denied.**

## I. DISCUSSION

On April 5, 2018, Mr. Coakley pled guilty to one count of Conspiracy to Possess with Intent to Distribute Methamphetamine. He was sentenced to a term of 24 months imprisonment, ordered to pay a fine of $500.00, and placed on two years of supervised release after his incarceration.

On July 16, 2019, Mr. Coakley filed a letter with this Court which the Court construes as a motion to reduce sentence as an act of compassion by the Court. In his motion, Mr. Coakley states that his "soonest outdate is December 29, 2019," however, the Bureau of Prisons' website lists Mr. Coakley's release date as February 25, 2020. Mr. Coakley explains that he has completed several classes offered by the Bureau of Prisons, including several re-entry classes and a parenting class, which he is currently taking. He asserts that he has learned from his mistakes, he has a good home to be released to, as well as a good support system, and he requests early release in order to reconnect with his son and spend the holidays with his family. (Dkt. 189 at 1-2.)

The Court is limited in its ability to modify sentences. Courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are only three exceptions to this rule allowing a court to modify a term of imprisonment: (1) upon a motion filed by the Bureau of Prisons; (2) when expressly permitted by statute; or (3) when the applicable sentencing range of the U.S. Sentencing Guidelines has been amended and made retroactive. *See* 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2).

In its response in opposition to Mr. Coakley's request, the Government notes that Mr. Coakley has presented no relevant authority for the relief requested and has failed to assert a legal basis for an early release. The Court agrees. Mr. Coakley cites no legal authority or case law supporting his request for a reduction of his sentence and the Court on its own cannot think of any legal basis. Because Mr. Coakley's circumstances do not comply with any statutory exceptions that would allow the Court to grant the relief requested, the request is denied.

## II. CONCLUSION

For the reasons set forth above, the Court finds that the Mr. Coakley's *pro se* motion to reduce sentence, dkt. [189], must be **DENIED**.

**SO ORDERED.**

Date: 10/23/2019

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Austin Coakley, #15425-028
Federal Prison Camp
P.O. Box 6000
Ashland, Kentucky   41105-6000

Michelle Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov